
Tamsen L. Leachman, OSB No. 044929
tamsen.leachman@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:	503.552.2140
Fax:	503.224.4518

Attorneys for Defendant AZURE FARMS, INC.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AZURE FARMS, INC., an Oregon corporation,<br><br>Defendant. | **Case No.: 3:18-cv-01568-JR**<br><br>**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM** |

Defendant Azure Farms, Inc. ("Azure" or "Defendant") hereby answers the Complaint filed by Plaintiff Landmark Technology, LLC ("Landmark" or "Plaintiff").  The paragraph numbers below correspond to the numbered paragraphs in Plaintiff's Complaint.  Except as expressly admitted, Defendant denies the allegations of the Complaint.

## THE PARTIES

1.	With respect to the allegations in paragraph 1 of the Complaint, Defendant denies, as stated.

1 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

2. With respect to the allegations in paragraph 2 of the Complaint, Defendant admits it is an Oregon business with its principal place of business in Dufur, Oregon. Except as expressly admitted, all other allegations are denied.

## JURISDICTION AND VENUE

3. With respect to the allegations in paragraph 3 of the Complaint, Defendant asserts that this is merely a statement of an asserted claim for which no response is necessary. Notwithstanding, Defendant denies that this is a good faith claim under the statute.

4. With respect to the allegations in paragraph 4 of the Complaint, Defendant admits that the Court has jurisdiction only as to good faith claims made under the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

5. With respect to the allegations in paragraph 5 of the Complaint, Defendant admits only that it maintains its principal place of business in Oregon. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

6. With respect to the allegations in paragraph 6 of the Complaint, Defendant admits only that venue is proper in this Court. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

## FACTS

7. With respect to the allegations in paragraph 7 of the Complaint, Defendant admits only that a utility patent was issued to the inventor based on the submitted application. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

8. With respect to the allegations in paragraph 8 of the Complaint, Defendant admits only that the document speaks for itself. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

9. With respect to the allegations in paragraph 9 of the Complaint, Defendant is without sufficient information to admit or deny, and thus denies Plaintiff's allegations.

2 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

10. With respect to the allegations in paragraph 10 of the Complaint, Defendant is without sufficient information to admit or deny, and thus denies Plaintiff's allegations.

11. With respect to the allegations in paragraph 11 of the Complaint, Defendant is without sufficient information to admit or deny, and thus denies Plaintiff's allegations.

12. With respect to the allegations in paragraph 12 of the Complaint, Defendant admits only that the document speaks for itself. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

13. With respect to the allegations in paragraph 13 of the Complaint, Defendant admits only that the document speaks for itself. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

14. With respect to the allegations in paragraph 14 of the Complaint, Defendant admits only that the document speaks for itself. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

15. With respect to the allegations in paragraph 15 of the Complaint, Defendant is without sufficient information to admit or deny, and thus denies Plaintiff's allegations. Defendant also denies, on information and belief, that the '319 Patent is currently in force.

16. With respect to the allegations in paragraph 16 of the Complaint, Defendant admits that demand letters were received. True and accurate copies of these demand letters are attached as Exhibits C and D. To the extent not expressly admitted, Defendant denies Plaintiff's allegations.

17. With respect to the allegations in paragraph 17 of the Complaint, Defendant denies Plaintiff's allegations.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(a))**

18. With respect to the allegations in paragraph 18 of the Complaint, Defendant incorporates and restates its answers to the allegations of paragraphs 1-17.

3 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

19. With respect to the allegations in paragraph 19 of the Complaint, Defendant denies Plaintiff's allegations.

20. With respect to the allegations in paragraph 20 of the Complaint, Defendant is without sufficient information to admit or deny, and thus denies Plaintiff's allegations.

21. With respect to the allegations in paragraph 21 of the Complaint, Defendant denies Plaintiff's allegations as stated.

22. With respect to the allegations in paragraph 22 and its subparts—(a) through (e)—of the Complaint, Defendant denies Plaintiff's allegations as stated.

23. With respect to the allegations in paragraph 23 of the Complaint, Defendant denies Plaintiff's allegations as stated.

24. With respect to the allegations in paragraph 24 of the Complaint, Defendant denies Plaintiff's allegations as stated.

25. With respect to the allegations in paragraph 25 of the Complaint, Defendant denies Plaintiff's allegations as stated.

26. With respect to the allegations in paragraph 26 of the Complaint, Defendant denies Plaintiff's allegations.

27. With respect to the allegations in paragraph 27 of the Complaint, Defendant denies Plaintiff's allegations.

## SECOND CLAIM FOR RELIEF

### (Inducing Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b))

28. With respect to the allegations in paragraph 28 of the Complaint, Defendant incorporates and restates its answers to the allegations of paragraphs 1-27.

29. With respect to the allegations in paragraph 29 of the Complaint, Defendant denies Plaintiff's allegations.

30. With respect to the allegations in paragraph 30 of the Complaint, Defendant denies Plaintiff's allegations.

4 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

31. With respect to the allegations in paragraph 31 of the Complaint, Defendant denies Plaintiff's allegations.

32. With respect to the allegations in paragraph 32 of the Complaint, Defendant denies Plaintiff's allegations.

33. With respect to the allegations in paragraph 33 of the Complaint, Defendant denies Plaintiff's allegations.

34. With respect to the allegations of entitlement to damages in the Prayer for Relief in the Complaint, Defendant denies that Plaintiff is entitled to any form of damage regarding the claims asserted.

## DEFENSES

35. Having fully answered Plaintiff's Complaint, Defendant pleads the following defenses without waiving any arguments that it may be entitled to assert concerning the burden of proof, legal presumptions or other legal characterizations:

### FIRST AFFIRMATIVE DEFENSE

36. Plaintiff's claims fail to assert viable claims for relief.

### SECOND AFFIRMATIVE DEFENSE

37. Plaintiff has no standing because Plaintiff has failed to demonstrate or even allege that the '319 utility patent, with a priority date of January 24, 1986, is still in force in 2018, nearly 24 years later.

### THIRD AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

39. Plaintiff cannot recover special damages because it cannot show willful infringement related to an active patent.

5 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

### FIFTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred because it tendered a demand and pursued litigation in bad faith, as evidenced by the filing of over 100 nearly identical, vexatious claims since the early 2000s.

### SIXTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred to the extent that Plaintiff cannot demonstrate that it holds rights to a valid and active patent.

### SEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff has waived, or should be estopped from asserting, some or all of the claims asserted in the Complaint.

### DEFENDANT'S PRAYER FOR RELIEF

43. WHEREFORE, having fully answered Plaintiff's Complaint and having stated its defenses, Defendant respectfully requests the following relief:

   a. That Plaintiff's Complaint be dismissed with cause and with prejudice, and without attorneys' fees or costs to Plaintiff;

   b. That Defendant be awarded its reasonable attorneys' fees and related costs to the extent allowed by statutory or common law; and

   c. For such other and further relief as the Court deems appropriate.

### DEFENDANT/COUNTER-CLAIMANT'S COUNTERCLAIMS AGAINST PLAINTIFF/COUNTER-DEFENDANT

Comes now, Counter-Claimant Azure Farms, Inc. ("Azure"), by and through its undersigned counsel, and for its claims for relief states as follows:

### PARTIES

44. Azure is an Oregon corporation, with its principal place of business in Dufur, Oregon.

6 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

45. Counter-Defendant Landmark Technology, LLC ("Landmark") was a limited liability company organized under the laws of the State of Delaware and purported to have principal places of business in California and Texas. The California-based company was registered in 2009 and dissolved in 2012. *See*, **Exhibit A** attached hereto.

46. The Texas-based business, also called Landmark Technology, applied for registration with the Texas Secretary in January 2009 and the registration certificate was revoked on January 1, 2017. *See,* **Exhibit F.** In February 2018, a new registration filing was submitted to the California Secretary of State under a different filing number and listing a new Managing Member, Li Weiting. *See*, **Exhibit B** attached hereto. Azure asserts, on information and belief, that Li Weiting is associated with the filing of claims by Landmark against Azure.

## JURISDICTION AND VENUE

47. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because Azure's sole claim is based upon the underlying litigation and the bad faith motivation behind Landmark's pursuit of frivolous claims against Azure. Oregon provides a cause of action where a patent infringement claim is filed in bad faith. *See*, ORS § 646A.810, as has happened here.

48. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b). Landmark filed its claims against Azure in Oregon. As a result, the factual basis of the counterclaim also relates to the actual operation of Azure in Oregon Further, Azure's asserted claim of an alleged violation of ORS §646A.801 is entirely focused on the attempt of a California-based company to subject an Oregon business to meritless threats of expensive and time-consuming litigation.

## BACKGROUND FACTS

49. Azure is a grower and supplier of organic food and wholesome products and information for consumers. The ordering and delivery processes have changed significantly over the years. In the past few years, the process has migrated to an e-commerce model instead of the prior manual approach. The tools and concepts used to support this advancement were developed within Azure and were implemented using the knowledge and training of Azure's IT team

7 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

members and other resources.

50.     On or about November 3, 2017, Azure's Founder and CEO, David Stelzer, received a generic demand letter suggesting that the process used by Azure was similar to the '319 patent. No specific details were provided, no request for verification of assumptions was made by the letter's author, and no copy of the patent or information about the patent holder or expiration date of the patent was provided. Instead, the author, demanded $65,000 as a license fee to use the technology that had been created by Azure's internal IT team. Azure was given 15 days to decide whether to purchase a license – significantly more than a go-to-market e-commerce software package would cost. A true and accurate copy of this letter is attached as **Exhibit C**.

51.     Two months later, Azure received a four-sentence secondary demand for $65,000. A true and accurate copy of this letter is attached as **Exhibit D**. Azure did not believe there was infringement and did not purchase the license or respond to the demand letters.

52.     Nearly nine months later, Landmark served its complaint asserting infringement of the '319 patent. Once Mr. Stelzer was aware of the foregoing lawsuit, he reviewed his systems to confirm that the allegations were without merit. He also learned about the trend of patent infringement claims being filed in bad faith, and the response of several states—including Oregon—by, for example, creating a cause of action against bad faith claims.

53.     As Mr. Stelzer learned more about this trend and the circumstances of the '319 patent, he realized that the priority and filing date for the '319 patent was January 24, 1986. *See*, Plaintiff's Complaint at ¶9. Mr. Stelzer also understood that the expiration date for the '319 patent was 20 years from the priority date – January 24, 2006. Mr. Stelzer knew that he was manually taking orders at the time the patent expired, making it impossible for Azure to have infringed Landmark's patent.

54.     Mr. Stelzer is a principled man and was concerned about the broader ramifications of bad faith litigation and the coercive tactics used against small businesses like

8 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

his. As a result, he contacted the Wasco County District Attorney, Eric Nisley, about a potential administrative investigation into this matter. After Mr. Stelzer presented the information he gathered as well as the litigation history of Landmark Mr. Nisley was provided, Mr. Nisley agreed that opening an investigation was appropriate. On October 17, 2018, a letter was sent to counsel for Landmark advising that an investigation was opened and seeking evidence establishing the validity of the claimed patent. Counsel was to provide this information by November 10, 2018. To date, no response has been received. *See,* **Exhibit E.**

55.     As a direct result of the claim asserted by Landmark, Azure and its leadership has devoted significant time and resources researching Landmark, the Oregon statutes, and the circumstances surrounding the underlying lawsuit. Azure has also incurred attorney fees and costs in defending against Landmark's claims and preparing its own counterclaim.

### FIRST CLAIM FOR RELIEF

**Violation of the Oregon Patent Infringement Claim Made in Bad Faith Statute**

**ORS §646A.810**

56.     Azure realleges and incorporates by reference the allegations in paragraphs 55 of this Counter-Claim as if fully set forth herein.

57.     Oregon's response to bad faith patent litigation was to enact ORS §646A.810. In subsection (2), it provides that:

> A person or the person's affiliate may not communicate a demand, to a recipient if the demand the person or the person's affiliate alleges, asserts or claims in bad faith that the recipient has infringed or contributed to infringing a patent or the rights that a patentee has, or has granted to an assignee, under the patent.

58.     The determination of bad faith may be guided by the circumstances outlined in ORS § 646A.810(4). A number of these factors are established here, including:

- Landmark's demand required Azure to respond or to pay the license or other fee within a period of time that a reasonable person would consider unreasonably short, such as the 15-day period at issue here;

9 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

- Landmark's demand did not include current and accurate contact information for the patentee, assignee, or licensee, including a name, address, and phone number or other contact information that would enable the recipient to identify and communicate with the patentee, assignee or licensee[1];

- Landmark's demand did not include a statement of facts, together with an explanation or a description of the facts that would enable a reasonable person to understand the basis of the allegation or claim that Azure had infringed the patent or the rights of Landmark;

- Landmark, before communicating the demand, failed to compare the claims in the patent to the features or specifications of the recipient's product, services or technology that Azure had used during the relevant periods of time;

- Landmark, before communicating the demand, failed communicate in a way that enabled Azure to specifically identify the infringing features or specifications of Azure's technology;

- Landmark offered a license to Azure for an amount that a reasonable person with knowledge of the market value of a license for the covered invention would consider unreasonable;

- Landmark knew or should have known at the time of the demand, the claim of infringement was without merit or was deceptive; and

- Landmark previously communicated the same demand or filed a complaint based on similar allegations – in fact, it has pursued over 100 retail defendant claims based on nearly identical allegations. Many were pursued after the patent expired.

---

[1] At the time the demand letter was sent, Landmark was not registered with either the Texas or California Secretary of State. As a result, it appears that when the initial demand and follow-up letter were sent, there was no patentee, assignee or licensee. *See,* **Exhibit F.**

10 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

59. Landmark violated ORS § 646A.810 when it knowingly and intentionally served demands and filed a lawsuit based on an expired patent and at a time that Landmark was not registered to do business in California or Texas, and appears to have been a defunct entity.

60. As a result of Landmark's deceptive and unlawful actions in bringing the underlying litigation in bad faith, Azure is entitled to actual, statutory, and punitive damages, as well as recovery of attorney fees and costs.

61. Landmark was deceptive and threatening in its demands and intentionally used deceptive and confusing language to overwhelm and frighten its targets. It also forced Azure to either pay $65,000 or engage in an expensive and time-involved patent infringement lawsuit.

### **COUNTER-CLAIMANT'S PRAYER FOR RELIEF**

Wherefore, Azure prays for judgment against Landmark as follows:

a. Judgment that Landmark has asserted a patent infringement by Azure in bad faith and in violation of ORS § 646A.810;

b. For an award of actual damages in the amount of $100,000 or as otherwise proven at trial;

c. For an award of exemplary or punitive damages in an amount against Landmark sufficient to punish and make an example of its unlawful behavior;

d. For reasonable attorneys' fees;

e. For prejudgment and post-judgment interest;

11 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

f.  For costs of suit incurred herein; and

g.  For such other and further relief as the Court may deem proper.

Dated: October 29, 2018

          **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

          By:   /s/ Tamsen L. Leachman
                Tamsen L. Leachman, OSB No. 044929
                tamsen.leachman@ogletree.com
                503.552.2140
                Attorneys for Defendant AZURE FARMS, INC.

36150739.1

12 - ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: