Tamsen L. Leachman, OSB No. 044929
tamsen.leachman@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:      503.552.2140
Fax:                 503.224.4518

Attorneys for Defendant
AZURE FARMS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LANDMARK TECHNOLOGY, LLC**, a California limited liability company,<br><br>**Plaintiff,**<br><br>v.<br><br>**AZURE FARMS, INC.**, an Oregon corporation,<br><br>**Defendant.** | **Case No.: 3:18-cv-01568**<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF** |

Defendant Azure Farms, Inc. ("Azure" or "Defendant"), by and through its undersigned attorney of record, opposes Plaintiff Landmark Technology, LLC's ("Landmark" or "Plaintiff") Motion to Dismiss Defendant's First Claim for Relief as follows:

///

///

1 – DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

**I.     INTRODUCTION**

In its 12(b)(6) Motion to Dismiss, Plaintiff asserts various theories, most of which are premised on the assumption that the '319 Patent was infringed by Defendant – an assertion that has been vehemently denied.

**II.    MOTION TO DISMISS STANDARD**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  *Shroyer v New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of the counterclaimant's factual allegations, the Court must accept as true all well-pleaded material facts alleged in the counterclaim and construe them in the light most favorable to the non-moving party. *Wilson v Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

**III.   ARGUMENT**

    **A.    Frivolous Claims of Patent Infringement are Properly Prohibited at the State and Federal Level.**

Plaintiff offers several related challenges Azure's counterclaim asserting that the ORS § 646A.810 claim is preempted by federal patent law. What Plaintiff fails to recognize is that both the federal and state law are focused on preventing plaintiffs from bringing frivolous patent infringement claims in an effort to extract a nuisance-value settlements.  Indeed, the Patent Statute, 35 U.S.C. § 285, and Fed.R.Civ.P. 11(a) permits the court to award attorney fees in exceptional circumstances or where a frivolous claims are asserted. "[W]e have observed that many varieties of misconduct can support a district court's exceptional case finding, <u>including lodging frivolous filings and engaging in vexatious or unjustified litigation</u>. *See Takeda Chem. Indus., Ltd. v. Mylan*

2 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

*Labs., Inc.*, 549 F.3d 1381, 1387–88 (Fed. Cir. 2008). Indeed, '[l]itigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285.' *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1106 (Fed. Cir. 2003). Absent litigation misconduct or misconduct in securing the patent, sanctions under § 285 may be imposed against the patentee if both (1) the patentee brought the litigation in bad faith; and (2) the litigation is objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailer Int'l, Inc.,* 393 F.3d 1378, 1381 (Fed. Cir. 2005)." *EON-Net LP v. Flagstar Bancorp, Case No. 2009-1308* (Fed. Cir. July 29, 2011) at pg. 17. In short, the ORS § 646A.810 is not preempted because Azure's counterclaim is also premised on the objectively baseless foundation of Landmark's infringement claim.[1]

Indeed, Landmark's direct infringement pleading fails to allege a plausible case that the accused system meets every limitation of the patent claims. In order to properly plead direct infringement under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Landmark must plausibly allege that Azure infringes each limitation in at least one asserted claim. *See, e.g.*, *Scripps Res. Inst. v. Illumina, Inc.*, No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *8 (S.D. Cal. Nov. 21, 2016) (citing *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (collecting authority)). Because Claim 1 is the only independent claim of the '319 patent, Landmark must address each and every limitation of Claim 1. Yet, Landmark's complaint fails to address numerous limitations of Claim 1 or to make any attempt, much less a plausible attempt, to explain how Azure's website meets those limitations. The Court should conclude on this basis alone that the claim is objectively baseless and pursued in bad faith.

---

[1] If the first claim is found to be objectively baseless, the second (derivative) claim is must be viewed as an objectively baseless claim as well.

3 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

### B.  Background on Landmark's '319 Patent.

The '319 patent is directed to a financial data processing system to provide an economical means for screening loan applications; standardize the reporting and interpretation of credit ratings and their application to loan application processing; reduce the amount of paperwork and processing time required by each loan application; and to offer a more personal way to apply for credit. ECF No. 1-1 (the '319 patent) at p 8. The system ties together financial institution data processing, the computer services of a credit reporting bureau, and a plurality of remote terminals. Each remote terminal displays the live image of a fictitious loan officer who helps the applicant through an interactive series of questions and answers designed to solicit from the applicant all the information necessary to process his loan application. *Id*.

The '319 patent was filed on November 30, 1994, and claims priority, through a series of continuation applications, to an effective filing date of May 24, 1984. *Id*. at 1. The '319 patent was issued on September 11, 2001.

On July 17, 2007, the United States Patent & Trademark Office (PTO) issued an ex parte reexamination certificate containing twenty-eight (28) claims, of which only one, i.e., Claim 1 is independent. *See* ECF No. 1-1 at 14.  Claim 1 requires a laundry list of disparate, generic elements with complicated limitations as follows:

An automatic data processing system for processing business and financial transactions between entities from remote sites which comprises:

a central processor programmed and connected to process a variety of inquiries and orders transmitted from said remote sites;

said central processor including: means for receiving information about said transactions from said remote sites;

4 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

means for retrievably storing said information; at least one terminal at each of said remote sites including a data processor and operational sequencing lists of program instructions;

means for remotely linking said terminal to said central processor and for transmitting data back and forth between said central processor and said terminal;

said terminal further comprising means for dispensing information and services for at least one of said entities including:

a video screen;

means for holding operational data including programing, informing, and inquiring sequences of data;

means for manually entering information;

means for storing information, inquiries and orders for said transactions entered by one of said entities via said means for manually entering information, and data received through and from said central processor;

on-line means for transmitting said information, inquiries, and orders to said central processor;

on-line means for receiving data comprising operator-selected information and order from said central processor via said linking means;

means for outputting said informing and inquiring sequences on said video screen in accordance with preset routines and in response to data entered through said means for entering information;

means for controlling said means for storing, means for outputting, and means for transmitting, including means for fetching additional inquiring sequences in response to a plurality

5 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

of said data entered through said means for entering and in response to information received from said central processor;

said informing sequences including directions for operating said terminal, and for presenting interrelated segments of said operational data describing a plurality of transaction operations;

said programming sequences including means for interactively controlling the operation of said video screen, data receiving and transmitting means; and for selectively retrieving said data from said means for storing;

said means for storing comprising means for retaining said operational sequencing list and means responsive to the status of the various means for controlling their operation;

said central processor further including:

means responsive to data received from one of said terminals for immediately transmitting selected stored information to said terminal; and

means responsive to an order received from a terminal for updating data in said means for storing;

whereby said system can be used by said entities, each using one of said terminals to exchange information, and to respond to inquiries and orders instantaneously and over a period of time.  ECF 1-1, pp 10-11.

As noted above, Landmark has not addressed each of these disparate, generic elements and their complicated limitations, thereby asserting a claim that can only be described as objectively baseless. Moreover, it is clear that the '319 Patent does not encompass all e-commerce. Indeed, it was focused on loan application processing, an activity that does not occur at Azure.  *See*,

6 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

Declaration of Tom Peters in Support of Defendant's Opposition to Plaintiff's Motion to Dismiss First Claim for Relief.

### C. Azure's Amended Counterclaim Can and Will Assert Objective Baselessness.

Plaintiff filed its Motion to Dismiss on November 19, 2018. Pursuant to Fed.R.Civ.P. 15(a)(1)(b), Azure has 21 days from the filing of Landmark's motion to amend. As a result, Azure may file an amended Answer and Counterclaim on or before December 10, 2018. To the extent that Azure's allegations of the frivolous pursuit of patent litigation satisfies the pleading standards, Azure must be permitted to engage in discovery now. Defendant will be prejudiced if required to wait for access to relevant documents and information. Plaintiff's request to dismiss based on insufficient pleadings should be summarily rejected.

### D. Consideration of the Content of Plaintiff's Demand Letters is not Improper Under the Noerr-Pennington Doctrine or the Oregon Litigation Privilege.

Plaintiff next conflates Azure's state bad faith claim and suggests that the issuance of a demand letter creates liability under the Oregon statute. This is an inaccurate interpretation of the Oregon claim. Instead, the claim recognizes that the bad faith pursuit of litigation creates a cause of action. The issuance of a demand that makes bad faith allegations is simply potential evidence of the prohibited bad faith motivation, and can be considered in assessing the motivation behind the potential litigation. Neither the Noerr-Pennington Doctrine nor the Oregon Litigation Privilege shield demand letters seeking payments for frivolous patent infringement claims. Plaintiff cites no case holding otherwise.  These doctrines presuppose that claims are pursued in good faith.

///

///

///

7 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax:

### E. Antitrust Law Does Not Shield Bad Faith Patent Litigation or Demands Asserting Frivolous Claims.

Plaintiff next tries to assert antitrust preemption, but fails to cite a single case holding that bad faith or frivolous patent litigation is shielded by antitrust law. As a result, this argument should be rejected.

### F. Azure Has Pled Ascertainable Loss.

This matter is at the early stage and discovery has just begun. Nevertheless, Azure pled the damages it believes will be established by the evidence. To the extent this frivolous litigation has caused significant disruption and distraction to Azure, and put its goodwill with customers in jeopardy, there is, and will continue to be mounting damages as this case progresses. Moreover, Azure will seek fees and costs pursuant to 35 U.S.C. § 285 and Fed.R.Civ.P. 11(a).

## IV. CONCLUSION

Plaintiff raises a variety of challenges to the counterclaims brought by Azure. Despite the monumental effort exerted in this pre-discovery motion, each argument fails, as described in detail, above. Azure respectfully requests that Plaintiff's motion be denied in its entirety.

Respectfully submitted,

Dated: December 4, 2018

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Tamsen L. Leachman*
Tamsen L. Leachman, OSB No. 044929
tamsen.leachman@ogletree.com
503.552.2140
Attorneys for Defendant
AZURE FARMS, INC.

8 - DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax:

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2018, I served the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS FIRST CLAIM FOR RELIEF** on:

John A. Lee
Banie & Ishimoto LLP
3705 Haven Ave #137
Menlo Park, CA 94025
Fax: (650) 241-2770
jlee@banishlaw.com

Attorneys for Plaintiff

■ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by causing a true and correct copy to be **hand-delivered** to the last known address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

☐ by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above. It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:  *s/ Susan Hunter*
Susan Hunter, Practice Assistant
susan.hunter@ogletree.com
503.552.2140

36577671.1