**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

**John A. Lee** (admitted pro hac vice)
jlee@banishlaw.com
Banie & Ishimoto LLP
3705 Haven Ave., #137
Menlo Park, CA 94025
T: 650.241.2774
F: 650.241.2770

Attorneys for Azure
Landmark Technology, LLC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC<br><br>      Azure<br><br> v.<br><br>AZURE FARMS, INC.<br><br>      Defendant. | Civil Action No. 3:18-cv-01568-JR<br><br>**LANDMARK TECHNOLOGY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF, AND MEMORANDUM IN SUPPORT**<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................4
II. ARGUMENT ........................................................................................................6
    A. AZURE CANNOT CURE DEFICIENCIES IN ITS PLEADING BY ATTEMPTING TO MANUFACTURE AN ALLEGATION OF "OBJECTIVE BASELESSNESS" IN ITS OPPOSITION BRIEF, WHICH IS PROCEDURALLY IMPROPER...............................................................................6
    B. AZURE'S IMPROPER ATTACK ON LANDMARK'S COMPLAINT DISREGARDS THE ATTACHMENTS TO LANDMARK'S COMPLAINT, WHICH SET FORTH LANDMARK'S INFRINGEMENT ALLEGATIONS IN DETAIL AND ARE TREATED AS PART OF THE COMPLAINT UNDER NINTH CIRCUIT LAW. ...................................................................................7
    C. AZURE MAKES NO VIABLE ARGUMENTS TO SAVE THE OREGON STATUTE FROM PREEMPTION, AND THIS COURT SHOULD HOLD AZURE'S COUNTERCLAIM—AND THE OREGON STATUTE ITSELF— TO BE PREEMPTED BY FEDERAL PATENT LAW. ..........................................9
    D. AZURE HAS NOT PLEADED "ASCERTAINABLE LOSS" OR "RELIANCE" AS REQUIRED TO STATE A CLAIM UNDER THE OREGON UTPA. .....11
    E. AZURE'S COUNTERCLAIM LACKS AN "OBJECTIVELY REASONABLE BASIS" UNDER ORS § 646.638(3), AND THIS COURT SHOULD AWARD LANDMARK ITS ATTORNEYS FEES INCURRED IN CONNECTION WITH THIS MOTION.................................................................................................12
III. CONCLUSION...................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir.1978) ..................... 7

*Boydstun Equipment Manufacturing, LLC v. Cottrell, Inc.*, 2017 WL 4803938
   (D. Or. Oct. 24, 2017) ................................................................................................ 5, 9, 12

*Douglas v. Seacoast Prods., Inc.*, 431 U.S. 265 (1977) ................................................................ 10

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ..................................................... 7, 8

*Elantech Devices Corp. v. Synaptics, Inc.*, 2006 WL 1883255 (N.D. Cal. 2006) ......................... 8

*Fleshman v. Wells Fargo Bank, N.A.*, 27 F.Supp.3d 1127 (D. Or. 2014) .................................... 11

*Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367 (Fed. Cir. 2004) ........... 9

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542 (9th Cir.1990) ........................ 7

*Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374 (9th Cir.1982) ................................ 10

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ..................................................... 8

*Maynard v. Bonta*, 2002 WL 35643756 (C.D. Cal. 2002) ............................................................ 6

*Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992 (8th Cir. 1989) ..................... 6

*N.J. Payphone Ass'n v. Town of West New York*, 299 F.3d 235 (3d Cir. 2002) .......................... 11

*Network Caching Tech., LLC v. Novell Inc.*, 2003 WL 21699799 (N.D. Cal. 2003) .................... 8

*Paul v. Providence Health System-Oregon*, 237 Or.App. 584 (2010) ........................................ 11

*Schneider v. California Dept. of Corr.*, 151 F.3d 1194 (9th Cir. 1998) ........................................ 6

*Southwick Clothing LLC v. GFT (USA) Corp.*, 2004 WL 2914093 (S.D.N.Y. Dec. 15. 2004) ..... 6

*Visto Corp. v. Sproqit Technologies, Inc.*, 360 F.Supp.2d 1064, 1072-73 (N.D. Cal. 2005) ......... 8

**Statutes**

35 U.S.C. § 287 ............................................................................................................................... 9

O.R.S. § 646A.810 ........................................................................................................................ 10

O.R.S. § 646A.810(3) ................................................................................................................... 10

O.R.S. § 646.638 ........................................................................................................................... 11

O.R.S. § 646.638(3). ..................................................................................................................... 12

## I. INTRODUCTION

Rather than defend its Counterclaim from preemption, Azure spends most of its brief attempting to raise—for the first time—an allegation of "objective baselessness" by attacking the sufficiency of Landmark's Complaint. But Azure's allegations were never made in its pleading, and are procedurally improper under well-settled rule that deficiencies in a pleading cannot be remedied through arguments made in an opposition brief. *See infra* Sec.II.A. The proper vehicle for Azure to make such arguments would have been to amend its pleading, and bring its own motion to dismiss Landmark's Complaint—neither of which Azure. Azure's time to amend its Counterclaim has now passed and Landmark assumes that Azure has no intention of amending it. Moreover, Azure's procedurally improper arguments are meritless in any event, as they are contradicted by Landmark's Complaint and by a 42-page Claim Chart filed as an Exhibit to Landmark's Complaint, which sets forth the basis for Landmark's infringement claim against Azure in great detail and must be treated as part of Landmark's pleading. In any case, even if they were not procedurally improper and meritless, Azure's allegations regarding Landmark's Complaint are too premature to serve as the basis of an "objective baselessness" allegation because the merits of Landmark's infringement claims have yet to be adjudicated. *See infra* Sec.II.B. Since Azure's arguments are improper and irrelevant to Landmark's Motion, this Court should not be distracted from the merits of the preemption analysis of the Oregon statute and Azure's Counterclaim.

Azure concedes that a showing of "objective baselessness" is required for its Counterclaim to survive preemption (which is why it makes the procedurally improper and meritless attempt to manufacture such an allegation in its brief). Since Azure has failed to plead an allegation of "objective baselessness" against Landmark, as required by federal patent law, Azure's Counterclaim must be dismissed. *See infra* Sec.II.C.

Moreover, the Oregon statute itself— ORS § 646A.810, which purports to create Azure's Counterclaim—is preempted because it fails to require a showing of "objective baselessness" and because of the plethora of other conflicts the statute presents with federal patent and antitrust

**LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF**

law. *See infra* Sec.II.C; *see also* Dkt. No. 17 ("Landmark's Opening Brief") at 5-22. Those conflicts will recur in future patent cases filed in this jurisdiction unless this Court acts to preempt the Oregon statute, threatening the uniformity of federal patent law and effectively making the state of Oregon an inhospitable jurisdiction for patent owners to provide notice of patent infringement under 35 U.S.C. § 287, lest they incur liability under the Oregon statute. No canon of constitutional avoidance prevents this Court from addressing the preemption issue in this case, and the Supreme Court as well as the Ninth Circuit have treated preemption as a "statutory" rather than a constitutional issue. As such, the Court should reach that issue here. *See infra* Sec.II.C.

Regardless, Azure has failed to plead the requisite elements of damages and causation required for stating a claim under the Oregon UTPA, and thus its Counterclaim must be dismissed on that basis as well. *See infra* Sec.II.D.

Finally, given the multiple deficiencies in Azure's pleadings (e.g., its failure to plead "objective baselessness," its failure to plead the elements of its Oregon UTPA claim), as well as the clear conflicts Azure's Counterclaim presents with federal patent and antitrust law, this Court should hold that Azure's Counterclaim lacks an "objectively reasonable basis" under ORS § 646.638(3), dismiss the Counterclaim, and award Landmark its attorneys fees as the "prevailing defendant" on this Motion. At a minimum, the extant caselaw from this Court regarding the Oregon statute and preemption by federal patent law should have alerted Azure not to make the pleading deficiencies it has in this case. *See, e.g., Boydstun Equipment Manufacturing, LLC v. Cottrell, Inc.*, 2017 WL 4803938, at *7 & *18 (D. Or. Oct. 24, 2017). As such, Azure's Counterclaim lacks an "objectively reasonable basis" under ORS § 646.638(3). *See infra* Sec.II.E.

Accordingly, Landmark asks the Court to dismiss Azure's Counterclaim, to find that Azure's Counterclaim lacked an "objectively reasonable basis," and to award Landmark its attorneys' fees and costs incurred in preparing this Motion.

## II. ARGUMENT

**A.     Azure Cannot Cure Deficiencies in Its Pleading By Attempting to Manufacture an Allegation of "Objective Baselessness" in Its Opposition Brief, Which is Procedurally Improper.**

Azure fails to respond to most of Landmark's arguments for preemption, spending the bulk of its brief trying to manufacture an allegation of "objective baselessness" in an attempt to save its Counterclaim from dismissal. *See* Dkt. No. 24 ("Defendant's Br.") at 3-7. In its brief, Azure attacks the sufficiency of Landmark's claim for patent infringement as "objectively baseless," and asserts that Azure's Counterclaim is "not preempted because" it is "premised on the objectively baseless foundation of Landmark's infringement claim." Dkt. No. 24 ("Defendant's Br.") at 3. But Azure has failed to **plead** the allegations it tries to make for the first time here (via attorney argument) in its Opposition Brief, nor has it brought its own motion to dismiss Landmark's Complaint for any of the supposed deficiencies it tries raise here.

This is procedurally improper and contravenes the basic principle that "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Maynard v. Bonta*, 2002 WL 35643756 (C.D. Cal. 2002) (noting that "allegations contained in a plaintiff's opposition to a motion to dismiss cannot be considered in evaluating the sufficiency of the pleading.") (citing *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"); *Southwick Clothing LLC v. GFT (USA) Corp.*, 2004 WL 2914093, at *6 (S.D.N.Y. Dec. 15. 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers."). Under these well-recognized procedural rules, Azure cannot save its Counterclaim with allegations about Landmark's Complaint it makes for the first time in its Opposition Brief. Azure seems to recognize this, asserting later in its brief that "Azure's Amended Counterclaim can and will assert objective baselessness" and that "Azure may file an amended Answer and Counterclaim on or before

**LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF**

December 10, 2018" pursuant to Fed R. Civ. P. 15(a)(1)(B). Dkt. No. 24 ("Defendant's Br.") at 7. But to date, Azure has filed no such amendment to its Counterclaim.

Accordingly, the Court should disregard Azure's attempt to manufacture an allegation of "objective baselessness," which is not only procedurally improper and irrelevant to the resolution of Landmark's motion, but also meritless, as shown below. *See infra* Sec. II.B.

**B.** **Azure's Improper Attack on Landmark's Complaint Disregards the Attachments to Landmark's Complaint, Which Set Forth Landmark's Infringement Allegations In Detail and Are Treated As Part of the Complaint Under Ninth Circuit Law.**

Besides being improper on procedural grounds, Azure's attack on Landmark's Complaint disregards the attachments to Landmark's Complaint setting forth specific infringement allegations against Azure, and thus contravenes another basic principle: that "attachments to a complaint are to be considered part of the complaint in deciding a Rule 12(b)(6) motion." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) ("material which is properly submitted as part of the complaint may be considered")); *see also Amfac Mtg. Corp. v. Arizona Mall of Tempe*, 583 F.2d 426, 429-30 (9th Cir.1978) (holding that "the court is aided in its determination by the attachment of several documents to the plaintiff's complaint," and that "[t]he court is not limited by the mere allegations contained in the complaint as Amfac contends. These documents, as part of the complaint, are properly a part of the court's review").

Azure argues that "Landmark's direct infringement pleading fails to allege a plausible case" against Azure and that "Landmark's complaint fails to address numerous limitations of Claim 1 or to make any attempt, much less a plausible attempt, to explain how Azure's website meets those limitations." Dkt. No. 24 ("Defendant's Br.") at 3. This is not only inaccurate about Landmark's Complaint, but apparently heedless of the detailed allegations of infringement against Azure—addressing each and every limitation of Claim 1 of the '319 Patent—that Landmark made in a 42-page Claim Chart attached to its Complaint as Exhibit G. *See* Dkt. No. 1-7 ("Exhibit G") ("Sample Infringement of U.S. Patent No. 6,289,319 by Azure Standard"); *see also* Dkt. No. 1 ("Landmark's Complaint") at 8-11. Under well-settled precedent, Landmark's Exhibit G is considered as part of its Complaint here. *See Edwards v. Marin Park, Inc.*, 356 F.3d

7
LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF

at 1062. Yet Azure's Opposition does not even mention Exhibit G. Moreover, Azure asserts that the '319 Patent "was focused on loan processing, an activity that does not occur at Azure"—apparently forgetting the basic patent law principle that a patent's "**claim[s]** define[] the scope of a patent grant." *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 373 (1996) (emphasis added). In making this assertion, Azure also neglects the fact that none of the elements of Claim 1 of Landmark's '319 Patent that Azure reproduces in its brief are limited to "loan processing," and indeed Claim 1 did not even use the word "loan." But in any event, Azure is effectively raising a claim construction issue that is improper and premature at this stage. If Azure wishes to challenge Landmark's infringement allegations under *Twombly/Iqbal*, it may do so by filing a motion to dismiss Landmark's Complaint, but it may not do so in an opposition brief defending its Counterclaim. Notably, however, Azure has not filed such a motion.

Even if Azure's attack on Landmark's Complaint were not procedurally improper—or proven meritless by the detailed infringement allegations Landmark made in Dkt. No. 1-7 ("Exhibit G") and the Complaint itself—it would still be too premature to serve as the basis of a "objective baselessness" allegation for purposes of stating its Counterclaim. *See, e.g., Visto Corp. v. Sproqit Technologies, Inc.*, 360 F.Supp.2d 1064, 1072-73 (N.D. Cal. 2005) (dismissing state tort claims premised on "false and defamatory claims of [patent] infringement" as "premature" because "the merits of the underlying [patent] infringement suit are inextricably intertwined with the tort" claims); *Elantech Devices Corp. v. Synaptics, Inc.*, 2006 WL 1883255, at *1 (N.D. Cal. 2006) (dismissing state tort claims against patent owner as "premature" because party could not show patent infringement claims were "objectively baseless" until underlying infringement case was resolved); *Network Caching Tech., LLC v. Novell Inc.*, 2003 WL 21699799, at *7 (N.D. Cal. 2003) (noting that, under Ninth Circuit precedent, a determination that a filing was "objectively baseless" cannot "practically be made prior to an adjudication on the merits."); *see also* Dkt. No. 17 ("Landmark's Opening Brief") at 18-19.

Accordingly, this Court should disregard the allegations Azure attempts to make in its brief, and dismiss its Counterclaim.

8
**LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF**

**C. Azure Makes No Viable Arguments to Save the Oregon Statute from Preemption, and This Court Should Hold Azure's Counterclaim—and the Oregon Statute Itself— To Be Preempted by Federal Patent Law.**

Azure concedes that its Counterclaim is preempted if it is not "premised on" an allegation of "objective[] baseless[ness]." Dkt. No. 24 ("Defendant's Br.") at 3. Azure argues that "both the federal and state law [i.e., ORS § 646A.810] are focused on preventing plaintiffs from bringing frivolous patent infringement claims," but fails to show that the Oregon statute requires the showing of "objective baselessness" necessary to avoid preemption by federal patent law. Dkt. No. 24 ("Defendant's Br.") at 2.

Here, the Court should hold the Oregon statute itself preempted because (as argued in Landmark's Opening brief) it (1) purports to create a cause of action under the Oregon UTPA without requiring a showing of "objective baselessness," as required by federal patent law; (2) because the cause of action it creates under the Oregon UTPA requires a lesser burden of proof than required by Federal Circuit precedent; and (3) because its specific provisions present a plethora of conflicts with 35 U.S.C. § 287 and other aspects of federal patent law, as well as federal antitrust law. *See* Dkt. No. 17 ("Landmark's Opening Brief") at 5-22. At a minimum, the Court should dismiss Azure's Counterclaim for, at a minimum, failing to plead "objective baselessness" as required by *Globetrotter Software, Inc. v. Elan Computer Grp., Inc*., 362 F.3d 1367, 1374-77 (Fed. Cir. 2004) and this Court's decision in *Boydstun Equipment Manufacturing, LLC v. Cottrell, Inc*., 2017 WL 4803938, at *7 & *18 (D. Or. Oct. 24, 2017). But Landmark contends the Court should go farther and hold the Oregon statute itself preempted.

The conflicts the Oregon statute poses with federal patent law will recur in future patent cases filed in this jurisdiction unless this Court acts to preempt the statute, threatening the uniformity of federal patent law and effectively making the state of Oregon an inhospitable jurisdiction for patent owners to provide notice of patent infringement under 35 U.S.C. § 287, lest they incur liability under the Oregon statute.

Azure argues that Landmark provides an "inaccurate interpretation of the Oregon claim," and contends that it is not "the issuance of a demand letter [that] creates liability under the Oregon statute" but rather "the bad faith pursuit of litigation [that] creates a cause of action." Dkt. No. 24

**LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF**

("Defendant's Br.") at 7. Azure's argument is contrary to the plain text of the Oregon statute, O.R.S. § 646A.810, reproduced below in pertinent part:

> (2) A person or the person's affiliate may not communicate a demand, or cause another person to communicate a demand, to a recipient if in the demand the person or the person's affiliate alleges, asserts or claims in bad faith that the recipient has infringed or contributed to infringing a patent or the rights that a patentee has, or has granted to an assignee or licensee, under the patent.
> (3) If a prosecuting attorney receives one or more accusations from a recipient or recipients that a person or the person's affiliate has violated subsection (2) of this section, the prosecuting attorney may execute and serve an investigative demand on the person or the person's affiliate under ORS 646.618 and may take action against the person or the person's affiliate under ORS 646.632 for engaging in an unlawful trade practice.

It is clear from the text that the Oregon statute O.R.S. § 646A.810(3) creates a cause of action under ORS 646.632 whenever O.R.S. § 646A.810(2) has been violated, and O.R.S. § 646A.810(2) involves the communication of a demand in "bad faith." Azure's contention mischaracterizes the Oregon statute, and is without merit. The Oregon statute is plainly directed to pre-litigation communications regarding patent infringement claims, subjecting patent owners to the specter of state law liability for exercising their right to provide notice under 35 U.S.C. § 287—and doing so without requiring the showing of "objective baselessness" required by federal patent law.

Given that the Oregon statute is plainly directed to pre-litigation notice of patent infringement (which is protected by federal patent law, requiring that tort claims premised thereon may not proceed without a showing of "objective baselessness"), and given that the statute's specific provisions present a plethora of conflicts with 35 U.S.C. § 287 as well as other aspects of patent and antitrust law (*see* Dkt. No. 17 ("Landmark's Opening Brief") at 5-22), this Court should hold the Oregon statute preempted.

There is no reason for avoiding preemption issue as to the Oregon statute in this case, and Azure has provided none. Indeed, the Supreme Court has treated preemption "as 'statutory' for purposes of [the Court's] practice of deciding statutory claims first to avoid unnecessary constitutional adjudications." *Douglas v. Seacoast Prods., Inc*., 431 U.S. 265, 272 (1977). The Ninth Circuit has similarly held that there is no canon of "avoidance" by which a court should decide preemption cases on alternative grounds, where possible. *See Knudsen Corp. v. Nev. State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir.1982) (noting that the question of preemption "is

10
**LANDMARK TECHNOLOGY'S REPLY ISO MOTION TO DISMISS AZURE FARMS, INC.'S FIRST CLAIM FOR RELIEF**

largely one of determining the compatibility of a state and a federal statutory scheme. No constitutional issues of substance are presented."); *see also N.J. Payphone Ass'n v. Town of West New York*, 299 F.3d 235, 239 n.2 (3d Cir. 2002).

Accordingly, this Court should reach the issue of preemption as to the Oregon statute itself, and hold both the statute (O.R.S. § 646A.810) and Azure's Counterclaim preempted by federal patent and antitrust law.

**D.     Azure Has Not Pleaded "Ascertainable Loss" or "Reliance" As Required to State a Claim Under the Oregon UTPA.**

Azure argues that it has "pled the damages it believes will be established by the evidence." Dkt. No. 24 ("Defendant's Br.") at 8. But in its pleading Azure alleges only that "Azure and its leadership has devoted significant time and resources researching Landmark, the Oregon statutes, and the circumstances surrounding the underlying lawsuit," and that "Azure has also incurred attorney fees and costs in defending against Landmark's claims and preparing its own counterclaim." Dkt. No. 13 ("Azure's Answer and Counterclaim") at ¶ 55.

As Landmark argued in its opening brief, ORS § 646.638 allows only "a person that suffers an **ascertainable loss of money or property**" to "bring an individual action." Oregon law is clear that attorney's fees incurred a case for the alleged UTPA violation—which are the only damages Azure had pleaded here—do not constitute an "ascertainable loss" for purposes of stating a claim under the UTPA, since "[s]uch fees and litigation costs are incurred only as a result of this litigation and are not the type that flow directly from unfair trade practices." *Fleshman v. Wells Fargo Bank, N.A.*, 27 F.Supp.3d 1127, 1141 (D. Or. 2014) (dismissing UTPA claim) (citing *Paul v. Providence Health System-Oregon*, 237 Or.App. 584, 600-02 (2010)). Thus, Azure has failed to plead a recognized "ascertainable loss of money or property" because the only damages it alleges are "fees and litigation costs...incurred only as a result of this litigation." *Id*.

Similarly, Azure's brief does not even contest Landmark's argument that Azure has failed to plead "reliance," as required by Oregon law. *See* Dkt. No. 17 ("Landmark's Opening Brief") at 23-24.

Accordingly, Azure's Counterclaim must be dismissed because it has failed to state a claim.

E.  **Azure's Counterclaim Lacks an "Objectively Reasonable Basis" Under ORS § 646.638(3), and This Court Should Award Landmark its Attorneys Fees Incurred in Connection With This Motion.**

As Landmark argued in its Opening Brief, Azure had no objectively reasonable basis for bringing its Counterclaim. Azure's improper attempt to amend its pleading via an allegation of "objective baselessness" made for the first time in its opposition brief, together with its assertion that it "may file an Amended Answer and Counterclaim on or before December 10, 2018" (which Azure has not done), are evidence that its Counterclaim lacked an "objectively reasonable basis." Dkt. No. 24 ("Defendant's Br.") at 7. Not only did Azure fail to plead the damages and causation elements required to state such a claim under the Oregon UTPA, but the claim is clearly preempted by federal patent and antitrust law, barred by the *Noerr-Pennington* doctrine and the Oregon litigation privilege, and in any event premature because the merits of Landmark's infringement claim have not been decided and Azure can plead no facts that could plausibly establish Landmark's claim as "objectively baseless."

At a minimum, this Court's decision in *Boydstun Equipment Manufacturing, LLC v. Cottrell, Inc.*, 2017 WL 4803938, at *7 & *18 (D. Or. Oct. 24, 2017), finding a similar claim under § 646A.810 preempted by federal patent law, should have put Azure on notice that an improperly pleaded claim under § 646A.810 would be preempted. Again, Landmark maintains that Azure's Counterclaim is untenable for reasons that go well beyond the pleading deficiencies in *Boydstun* and in this case, but *Boydstun* at a minimum shows that Azure's Counterclaim, as pleaded here, lacks an "objectively reasonable basis" under ORS § 646.638(3) because it lacks an allegation of "objective baselessness" against Landmark and because Azure failed to plead the requisite elements of the claim under the Oregon UTPA.

As such, this Court should dismiss Azure's Counterclaim, find that Azure lacks an objectively reasonable basis for bringing it, and award Landmark attorney's fees and costs incurred in preparing this Motion as the "prevailing defendant." ORS § 646.638(3).

### III.  CONCLUSION

For the foregoing reasons, Landmark asks the Court to dismiss Azure's Counterclaim, find that the Counterclaim lacked an "objectively reasonable basis," and award Landmark its attorney's fees and costs incurred in preparing this Motion.

Dated: December 18, 2018            Respectfully submitted,

    /s/ John A. Lee
_____

**John A. Lee** (admitted *pro hac vice*)
Banie & Ishimoto LLP
3705 Haven Ave #137
Menlo Park, CA 94025
Telephone: (650) 241-2774

jlee@banishlaw.com

**Timothy S. DeJong,** OSB No. 940662
Email: tdejong@stollberne.com
STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

Attorneys for Plaintiff
Landmark Technology, LLC