# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

LANDMARK TECHNOLOGY, LLC, a
California limited liability corporation,

         Plaintiff,

    v.

AZURE FARMS, INC., an Oregon
corporation,

         Defendant.

Case No. 3:18-cv-1568-JR

**OPINION AND ORDER**

Timothy S. DeJong, Stoll Stoll Berne Lokting & Shlachter PC, 209 SW Oak Street, Suite 500, Portland, Oregon 97204. Jennifer L. Ishimoto and John A. Lee, Banie & Ishimoto LLP, 3705 Haven Avenue, Suite 137, Menlo Park, California 94025. Attorneys for Plaintiff.

Tamsen L. Leachman, Ogletree, Deakins, Nash, Smoak & Stewart, PC, 222 SW Columbia Street, Suite 1500, Portland, Oregon 97201. Rachael D. Lamkin, Lamkin IP Defense, 655 Montgomery Street, 7th Floor, San Francisco, California 94111. Attorneys for Defendant.

Sarah K. Weston, Assistant Attorney General, Oregon Department of Justice, 100 SW Market Street, Portland, Oregon 97201. Attorney for *amicus curiae* Ellen F. Rosenblum, Attorney General of the State of Oregon.

**IMMERGUT, District Judge.**

       Plaintiff's complaint brings two claims of patent infringement. ECF 1. In an amended

answer, Defendant included a counterclaim for bad-faith patent litigation in violation of Oregon

law, as well as several affirmative defenses. ECF 43. Plaintiff filed a motion to dismiss that

counterclaim and strike several of the affirmative defenses. ECF 50. On June 26, 2019,

Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R) on Plaintiff's

motion. ECF 80. Judge Russo recommended granting the motion to dismiss as to the

counterclaim and granting in part the motion to strike. *Id.* Plaintiff, Defendant, and an *amicus*

*curiae*, the Attorney General of Oregon, timely filed objections to some portions of the F&R.

ECF 83; ECF 84; ECF 86. For the following reasons, this Court adopts the F&R in part, as

specified in this opinion.

## BACKGROUND

Plaintiff's complaint brings claims of direct and inducing patent infringement in violation

of the Patent Act, 35 U.S.C. § 271(a)–(b). ECF 1 at ¶¶ 18–33. These claims concern alleged

infringement of Plaintiff's rights in U.S. Patent No. 6,289,319, as reexamined and reaffirmed by

the United States Patent and Trademark Office (the "'319 Patent"). *Id.* at ¶ 14. According to

Plaintiff, the '319 Patent specifies "an automated data processing system for processing business

and financial transactions between entities from remote sites." *Id.* at ¶ 20. Defendant is a Dufur,

Oregon–based retailer of organic products. *Id.* at ¶ 2. Plaintiff alleges that Defendant infringed

the '319 Patent through transactions on its website. *Id.* at ¶¶ 19, 29.

The first counterclaim in Defendant's amended answer alleges bad-faith patent litigation

in violation of O.R.S. 646A.810.[1] ECF 43 at ¶¶ 58–63. The amended answer also asserts a

---

[1] Defendant's original answer also included a counterclaim under O.R.S. 646A.810. ECF 13. Plaintiff had similarly filed a motion to dismiss that counterclaim. ECF 17. After Defendant indicated that it planned to amend its original answer, Judge Russo denied Plaintiff's prior motion to dismiss as moot. ECF 42. Defendant has since filed a second amended answer. ECF 91; ECF 92 (corrected version). The parties have stipulated to, and Judge Russo ordered, a schedule under which Defendant will refile the second amended answer within five days of this Court's ruling on the F&R. ECF 94; ECF 95.

variety of defenses, including that the '319 Patent is invalid (second affirmative defense), the doctrines of laches and unclean hands (fourth affirmative defense), and allegations of frivolous litigation in bad faith (sixth and eighth affirmative defenses). *Id.* at ¶¶ 37, 39, 41, 43.

Plaintiff moved to dismiss the counterclaim and strike these affirmative defenses. ECF 50. Regarding the counterclaim, Plaintiff argued that the statute as a whole and the counterclaim as alleged are both preempted; that the counterclaim is barred by the Noerr-Pennington Doctrine and Oregon's litigation privilege; and that Defendant has failed to plead necessary elements of the counterclaim—ascertainable loss and reliance. *Id.* at 12–30. As for the affirmative defenses, Plaintiff argued that the defenses of bad faith and frivolous litigation are similarly preempted; that Defendant waived the defense of invalidity; and that the doctrines of laches and unclean hands are unavailable. *Id.* at 32–33. Finally, Plaintiff requested an award of attorney's fees because it alleges that Defendant lacks an objectively reasonable basis for its counterclaim. *Id.* at 30–31. In its response briefing, Defendant conceded that its fourth affirmative defense should be stricken but otherwise opposed Plaintiff's motion. ECF 53. The Attorney General of the State of Oregon also submitted briefing as *amicus curiae*, in order to defend the validity of O.R.S. 646A.810. ECF 56.

In her F&R, Judge Russo recommends granting in part Plaintiff's motion to dismiss the counterclaim under O.R.S. 646A.810. *See* ECF 80. She recommends denying the motion on the grounds of the Noerr-Pennington Doctrine and Oregon's litigation privilege. *Id.* at 12–13. But she recommends granting the motion and dismissing the counterclaim with prejudice because the statute is preempted in its entirety. *Id.* at 11. Should this Court reject that recommendation, she recommends dismissing the counterclaim with leave to amend because the counterclaim is preempted as pleaded, *id.* at 11–12, and because Plaintiff failed to plead the required elements of

ascertainable loss and reliance, *id.* at 13–14. However, she recommends declining to award attorney's fees to Plaintiff. *Id.* at 14–15.

Judge Russo further recommends granting in part Plaintiff's motion to strike the affirmative defenses. She recommends denying the motion as to the sixth and eighth affirmative defenses, alleging bad faith and frivolous litigation. *Id.* at 15. She also recommends denying the motion as to the second affirmative defense of invalidity while allowing Defendant "to amend its answer to flesh out its invalidity allegations . . . ." *Id.* at 15–16. However, Judge Russo recommends granting the motion as to the fourth affirmative defense, under the doctrines of laches and unclean hands, as Defendant concedes that it should be stricken. *Id.* at 16.

Plaintiff, Defendant, and the *amicus curiae* all filed objections to the F&R. ECF 84; ECF 86; ECF 83. Defendant and the Oregon Attorney General object to Judge Russo's recommendation that the statute is preempted in its entirety. ECF 86; ECF 83. Plaintiff objects to Judge Russo's recommendation to deny striking the second affirmative defense of invalidity. ECF 84. Plaintiff and Defendant filed responses to these objections. ECF 89; ECF 90.

## STANDARDS

As this action arises under the Patent Act, Federal Circuit law applies to analysis of patent issues and whether Defendant's state-law counterclaim is preempted. *See Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). Ninth Circuit law applies to procedural issues not pertaining to patent law. *See Merck & Co., Inc. v. Hi-Tech Pharmacal Co., Inc.*, 482 F.3d 1317, 1320 (Fed. Cir. 2007).

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte," whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The parties' objections concern (1) whether Defendant's counterclaim under O.R.S. 646A.810 should be dismissed and (2) whether Defendant's affirmative defense of invalidity should be stricken. There were no objections to the F&R's other conclusions. The Court considers these issues in turn.

### A. Counterclaim under O.R.S. 646A.810

Oregon's Unlawful Trade Practices Act (UTPA) provides a cause of action as a remedy for bad-faith patent enforcement. *See* O.R.S. 646A.810(2), (6). Judge Russo recommended dismissing Defendant's counterclaim under this statute: either with prejudice because O.R.S. 646A.810 is preempted as a whole, or with leave to amend because the counterclaim is preempted as pleaded and because Plaintiff failed to plead two elements of the cause of action. ECF 80 at 6–14.

Under the Supremacy Clause, a federal statute may preempt state law. *See* U.S. Const. art. VI, cl. 2; *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). When Congress has not explicitly preempted state law, the court may still hold a state law preempted "to the extent of any conflict with a federal statute" or when Congress intended to "occupy the field." *Crosby*, 530 U.S. at 372. The former category, often termed "conflict pre-emption," includes when state law "stands as an obstacle to the accomplishment and execution of the full purposes

and objectives" of federal law. *Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 329 (2011) (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). The Supreme Court has emphasized that "in a field which the States have traditionally occupied," the background assumption is "that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth v. Levine*, 555 U.S. 555, 565 (2009) (quoting *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)).

Federal patent law neither explicitly preempts nor occupies the field pertaining to state unfair competition law. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332–33 (Fed. Cir. 1998), *overruled on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356 (Fed. Cir. 1999). Therefore, only conflict preemption is at issue here. And while federal law governs patents, the Federal Circuit has underscored that unfair competition law is primarily the domain of the states. *Id.* at 1334. Accordingly, in determining whether state unfair competition law conflicts with federal patent law, the Court applies a presumption against preemption. *Id.* Nevertheless, state laws that impose liability on a party asserting patent infringement are preempted unless the claim of infringement is "objectively baseless" and subjectively brought in bad faith. *See Globetrotter*, 362 F.3d at 1375, 1376 n.8.[2] To avoid preemption, these elements must be alleged and proven as part of the claim, even if they are not set forth under state law. *See id.* at 1374. Furthermore, these elements must be proven by clear and convincing evidence. *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1371–72 (Fed. Cir. 2002).

---

[2] The Oregon Attorney General, as *amicus curiae*, has indicated disagreement with the Federal Circuit's holding in *Globetrotter*, and expressed an intent to preserve its challenge for appeal. ECF 56 at 7–8. Nevertheless, the Attorney General does not dispute that *Globetrotter* remains controlling on this Court. *Id.* at 8.

Oregon's bad-faith patent-enforcement statute does not include all of these requirements. Although it requires bad faith—identified by a non-exhaustive list of factors—these factors do not include the objective baselessness of the merits, as required under federal law. *Compare* O.R.S. 646A.810(4), *with Globetrotter*, 362 F.3d at 1376 ("[T]he lawsuit must be objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits." (quoting *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)) (alteration in original)). Furthermore, the statute does not specify a burden of proof. *See* O.R.S. 646A.810; O.R.S. 646.638. The cause of action for bad-faith patent enforcement was created in 2014 as an amendment to the UTPA. *See* Act of March 3, 2014, 2014 Or. Laws, ch. 19. In *State ex rel. Redden v. Discount Fabrics, Inc.*, a 1980 decision, the Oregon Supreme Court held that proceedings under the UTPA must be proved by a preponderance of the evidence. 289 Or. 375, 386 (1980).

In the F&R, Judge Russo rejected Plaintiff's argument that the Oregon statute is preempted because it lacks an objective baselessness requirement. ECF 80 at 8–10. Nevertheless, she concluded that the standard of proof set forth in *Discount Fabrics* creates an irreconcilable conflict with federal law, preempting the statute in its entirety. *Id.* at 11. Noting that the Oregon legislature intended the UTPA to be interpreted liberally, *see id.* (citing *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 90 n.4 (1977), the F&R reasoned that this Court may not interpret the statute to require clear and convincing evidence as a standard of proof, *see id.* (citing *United States v. Manning*, 527 F.3d 828, 840 (9th Cir. 2008)). Defendant and the Attorney General of Oregon, as *amicus curiae*, object to this recommendation and argue that the statute is not preempted as a whole. ECF 83; ECF 84.

After reviewing the F&R and the parties' briefing, this Court concludes that O.R.S. 646A.810 is not preempted in its entirety. The Court agrees with Judge Russo that the lack of an objective baselessness requirement does not lead to conflict preemption. Accordingly, the Court adopts this portion of the F&R's analysis. ECF 80 at 9–10. However, the Court declines to adopt the F&R's reasoning and conclusion as it relates to the standard of proof.

In interpreting Oregon law, this Court follows principles of statutory interpretation set forth by Oregon authorities. *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010). Oregon courts would presume that the legislature was aware of an earlier decision of the Oregon Supreme Court when it amended the UTPA in 2014. *See Moro v. State*, 354 Or. 657, 665–66 (2014). Thus, the Oregon Supreme Court would likely construe the bad-faith patent-enforcement claim as incorporating the standard of proof set forth in *Discount Fabrics*. Because this standard is lower than the clear-and-convincing threshold needed to prove bad faith under federal patent law, the UTPA's standard of proof is preempted by virtue of the Supremacy Clause. *See Globetrotter*, 362 F.3d at 1374, 1377.

However, the Supreme Court has expressed a preference for "severing [a statute's] problematic portions while leaving the remainder intact," rather than striking down state laws in full. *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 328–29 (2006) (citation omitted). Federal courts apply state law in determining whether state statutes are severable. *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996) (per curiam).[3] Under Oregon law, statutes are presumptively severable unless severing would be inconsistent with legislative intent or unworkable. *See* O.R.S. 174.040; *see also Tilbury v. Multnomah Cty.*, 322 Or. 112, 120–21

---

[3] In its briefing, Plaintiff cites federal severability caselaw, which is not applicable. *See* ECF 89 at 16 (citing *In re Reyes*, 910 F.2d 611, 613 (9th Cir. 1990)).

(1995) (en banc) (applying statute). The Attorney General contends that "completely eliminating the state law cause of action would do far greater violence to likely legislative expectations" than severing the standard of proof. ECF 83 at 2. The Court agrees with this reasoning and concludes that the preponderance-of-the-evidence standard is severable from O.R.S. 646A.810 under Oregon law.

The Ninth Circuit's holding in *United States v. Manning*, which Plaintiff cites in its briefing, is distinguishable. In that case, the district court had certified the interpretation of a Washington statute to the state supreme court as part of the same proceedings. *Manning*, 527 F.3d at 838–39. The Ninth Circuit evidently understood the state court's interpretation to preclude severing the statue. *See id.* at 839. *See generally* Gillian E. Metzger, *Facial Challenges and Federalism*, 105 Colum. L. Rev. 873, 889 (2005) ("Where severability is precluded—most commonly by a state supreme court's interpretation of a challenged state statute—a federal court has no choice but to hold the statute invalid in toto if it accepts the claim of unconstitutional applications."). In contrast, the Oregon Supreme Court has not addressed whether the UTPA's standard of proof is severable from a bad-faith patent-enforcement claim under O.R.S. 646A.810. The court's decision in *Discount Fabrics* predates creation of the bad-faith patent-enforcement claim by over three decades. While *Discount Fabrics* helps interpret the contours of O.R.S. 646A.810, it provides little insight into the question of severability.[4]

To the extent Plaintiff argues that O.R.S. 646A.810 "stands as an obstacle to the accomplishment and executions of the full purposes and objectives of Congress" because it interferes with notice required under 35 U.S.C. § 287, this Court disagrees. ECF 89 at 6 (quoting

---

[4] The Court also observes that *Manning* involved field preemption rather than conflict preemption. *See* 527 F.3d at 836–37.

*Hughes v. Talen Energy Mktg., LLC*, 136 S. Ct. 1288, 1297 (2016)); *see id.* at 11–16. Although Judge Russo did not explicitly address this issue in the F&R, her observation that the statute "provides individual bad faith factors that . . . are not required but are merely issues that a court may consider and may very well apply to subjective bad faith," ECF 80 at 10 n.1, equally explains why the statutory factors do not create a conflict with federal patent law. Furthermore, the Federal Circuit has specifically held that the objective and subjective elements of bad faith do not need to be written into a state statute to avoid preemption. *See Hunter Douglas*, 153 F.3d at 1336–37; *Globetrotter*, 362 F.3d at 1374 ("[T]o avoid preemption, 'bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.'" (quoting *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999))). These precedents resist the broad application of conflict preemption that Plaintiff seeks here.

Although O.R.S. 646A.810 is not preempted in its entirety, the Court agrees with the F&R that Defendant's first counterclaim is preempted as pleaded because Defendant has failed to allege facts demonstrating the objective baselessness of Plaintiff's claim, ascertainable loss, and reliance. No party has objected to these portions of the F&R. Therefore, the Court adopts Judge Russo's reasoning and grants Plaintiff's motion to dismiss without prejudice and with leave to amend. Because the statute is not preempted as a whole, and for the other reasons in the F&R, the Court declines to award attorney's fees to Plaintiff. *See* ECF 80 at 14–15.

**B. Affirmative Defense of Invalidity**

Plaintiff objects to Judge Russo's recommendation to deny the motion to strike as to the affirmative defense of invalidity. ECF 84. Its briefing, however, does not identify any errors of law. *See id.* Instead, Plaintiff's arguments concern Defendant's conduct in this litigation, including in discovery. *See id.* Regardless, the Court agrees with and therefore adopts the F&R's recommendation to deny the motion. ECF 80 at 15–16.

## C. Other Recommendations in the F&R

No party objected to Judge Russo's conclusions on Plaintiff's arguments for dismissal of the counterclaim under the Noerr-Pennington Doctrine and Oregon's litigation privilege. In addition, no party objected to Judge Russo's recommendations to strike the fourth affirmative defense (laches and unclean hands) and to deny striking the sixth and eighth affirmative defenses (bad faith and frivolous litigation). This Court has reviewed the F&R and adopts its analysis in full as to these issues. *See* ECF 80 at 15–16.

## CONCLUSION

The F&R, ECF 80, is ADOPTED IN PART. Plaintiff's motion to dismiss and to strike, ECF 50, is GRANTED IN PART. Defendant's first counterclaim is DISMISSED without prejudice and with leave to amend. Defendant's fourth affirmative defense is STRICKEN. The Court DECLINES to award attorney's fees to Plaintiff.

**IT IS SO ORDERED**.

DATED this 24th day of March, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge